UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>　v.<br><br>DEREK DAVIS,<br><br>　　　　　Movant. | No. 2:08-cr-0474 WBS KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Movant is a former federal prisoner. Movant filed a petition for writ of error coram nobis under 28 U.S.C. § 1651(a). Respondent's motion to dismiss is presently before the court. As explained below, the undersigned recommends that the motion be granted.

II. Background

On December 19, 2008, movant pled guilty to one count of mail fraud and one count of attempting to cause a financial institution to fail to file a currency transaction report. (ECF No. 29.) In the plea agreement, movant agreed to the following waivers:

> **Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case. . . . The defendant also gives up any right he may have to bring a post-appeal attack on his conviction or sentence. He specifically agrees not to file a motion

1

under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

(ECF No. 29 at 12-13.) The plea agreement contains no warning concerning potential immigration consequences. However, movant concedes that during the December 19, 2008 change of plea hearing, the district judge told movant: "you realize that you may be deported." (ECF No. 358 at 16.)

During sentencing in open court, movant agreed that he understood he was waiving his rights to appeal and to collaterally attack the conviction and sentence. (ECF No. 364-3 at 18.)

On November 30, 2012, movant was sentenced to a 70 month term of imprisonment, followed by a 60 month term of supervised release. (ECF No. 274, 278, 294 (amended judgment).)

Movant did not file an appeal, and did not file a motion under 28 U.S.C. § 2255.

Movant was released from federal custody on July 7, 2014. (ECF No. 346-6 at 2.) According to the Probation Office, movant has been on probation's inactive alien caseload since July 7, 2014, because movant is in the custody of ICE. (ECF No. 364-07 at 2.) Movant's term of supervised release will expire on July 6, 2019. (Id.)

Movant is presently detained at the Etowah County Detention Center pending deportation proceedings. (ECF No. 362 at 1, 7.) At the time he filed the instant petition, movant's appeal from the Board of Immigration Appeals in case No. 17-71226 was pending in the Court of Appeals for the Ninth Circuit.[1] (ECF No. 364-8 at 2.) On August 14, 2017, the Ninth Circuit panel granted the government's motion for summary disposition, and stated that the temporary stay of removal will terminate upon issuance of the mandate. Id. (ECF No. 9.)

The instant petition was filed June 19, 2017. On August 11, 2017, respondent filed the motion to dismiss. Movant filed an opposition on September 11, 2017; respondent did not file a reply.

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).

III. Writ of Coram Nobis

    A. Legal Standards

"The writ of coram nobis is an ancient common-law remedy designed to correct errors of fact." United States v. Denedo, 556 U.S. 904, 910 (2009) (internal quotation marks and citation omitted). The "writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence." Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994); see also United States v. Morgan, 346 U.S. 502, 511 (1954) (recognizing that common law writ of error coram nobis still exists after enactment of 28 U.S.C. § 2255). Coram nobis relief may be requested when the prisoner is no longer in custody and is faced with a significant collateral consequence of his or her federal conviction. See United States v. Walgren, 885 F.2d 1417 (9th Cir. 1989) (after completion of sentence and parole, delay was reasonable where governing law was recently changed and made retroactive).

"Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002); see also Denedo, 556 U.S. at 910-11; United States v. Riedl, 496 F.3d 1003, 1005-06 (9th Cir. 2007). "To warrant coram nobis relief, [the prisoner] must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." Matus-Leva, 287 F.3d at 760; see also Riedl, 496 F.3d at 1006 (deportation was not sound reason for delay in filing petition). The prisoner is not entitled to a writ of error coram nobis if he fails to meet any one of those requirements. See Matus-Leva, 287 F.3d at 760. For example, a prisoner may not resort to coram nobis merely because he failed to meet the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), such as the statute of limitations, or the successive petitions provision. See Matus-Leva, at 761.

////

////

B. Discussion

i. Did Movant File an Appeal?

First, in his opposition to the motion, movant appears to claim that he filed a "motion of appeal," or notified the district judge of movant's "intent to appeal" in movant's November 11, 2013 filing in which he requested appointment of counsel. (ECF No. 366 at 3-4.) The court's docket does not reflect such filing on or after November 11, 2013. Movant filed two documents on December 2, 2013, but neither mentioned a direct appeal. (ECF Nos. 316, 317.) In any event, such a request would be untimely. Federal Rule of Appellate Procedure 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed"). An amended judgment was entered on January 29, 2013; thus, any appeal was due on or before Tuesday, February 12, 2013.

ii. Is Movant in Custody?

Second, because movant remains in custody, the undersigned need not address the four elements set forth above under Matus-Leva, 287 F.3d at 760. As respondent argues, because movant is still under a term of supervised release, he is still in custody, rendering coram nobis relief unavailable. Matus-Leva, 287 F.3d at 761 ("Matus-Leva cannot overcome the first hurdle because he is still subject to supervised release, and thus he is in 'custody.'"); United States v. Monreal, 301 F.3d 1127, 1132 (9th Cir. 2002) ("Monreal is still in custody in the Central District of California because he has not served his term of supervised release."). As the Ninth Circuit concluded in Matus-Leva:

> Predictably, appellate courts, including ours, have consistently barred individuals in custody from seeking a writ of error coram nobis. United States v. Brown, 413 F.2d 878, 879 (9th Cir. 1969) ("Coram Nobis is not available, since he is still in custody."); see also, United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001); United States v. Barrett, 178 F.3d 34, 54 (1st Cir. 1999); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997).

Matus-Leva, 287 F.3d at 761. Thus, movant may not avail himself of coram nobis relief.

iii. Waiver of Right to Collaterally Attack

Because movant is not entitled to coram nobis relief, the undersigned declines to address respondent's alternative argument concerning waiver (ECF No. 364 at 4-5).

iv. Should the Petition Be Construed as a § 2255 Motion?

Third, because movant remains on supervised release, he is in custody, and arguably could file a motion under 28 U.S.C. § 2255. But even if the undersigned construed movant's ineffective assistance of counsel claims as brought under § 2255, and not waived by movant's waivers in the plea agreement, such claims would be barred by the statute of limitations.

Under 28 U.S.C. § 2255(f), there is a one-year statute of limitations period to file a collateral attack on a federal conviction that runs from the latest of

> (1) the date on which the judgment becomes final;
>
> . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively application to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1), (3), and (4).[2]

a. Final Judgment

If no direct appeal is taken to the Ninth Circuit, a defendant's conviction becomes final when the time for filing a direct appeal expires. United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015). Because movant's direct appeal was due on February 12, 2013, any § 2255 motion was due on or before Wednesday, February 12, 2014. More than one year has passed from the date movant's conviction became final; thus, any § 2255 motion brought under 28 U.S.C. § 2255(f)(1) would now be untimely and barred by the statute of limitations.[3]

---

[2] Subsection (f)(2) is not applicable here.

[3] Movant also cites United States v. Kwan, 407 F.3d 1005 (9th Cir. 2005), overruled on other grounds by Padilla v. Kentucky, 559 U.S. 356 (2010). However, reliance on Kwan is unavailing because the rule in Kwan is that "affirmative misrepresentations by defense counsel regarding immigration consequences is deficient under Strickland [v. Washington, 466 U.S. 668 (1984)]," and therefore such claims can be applied retroactively. United States v. Chan, 792 F.3d 1151, 1158 (9th Cir. 2015). In the instant petition, movant claims only that defense counsel failed to advise movant of the immigration consequences of his plea. Thus, Kwan does not apply.

Movant appears to argue that he was unaware of a time limit on § 2255 motions, and complains that there was delay in referring his letters concerning such collateral challenges to counsel. (ECF No. 366 at 4.) Movant also contends that he was subject to extensive lockdowns. (ECF No. 366 at 7-8.)

Equitable tolling principles apply to petitions under 28 U.S.C. § 2255 in a manner similar to those filed by state prisoners under 28 U.S.C. § 2254. United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004) ("The two sections have the same operative language and the same purpose. We fail to see any reason to distinguish between them in this respect."). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland v. Florida, 560 U.S. 631, 649 (2010). However, "equitable tolling is 'unavailable in most cases.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)); see also Holland, 560 U.S. at 652 ("[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied [.]") The petitioner seeking equitable tolling "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda, 292 F.3d at 1065.

Here, movant fails to demonstrate extraordinary circumstances prevented him from timely filing this action. Movant's February 24, 2014 letter was served on February 27, 2014, to movant's former defense counsel, who responded the same day. (ECF No. 322, 323, 325.) In addition to noting movant's waivers of appeal and collateral attack in the plea agreement, defense counsel claimed his representation was precluded by the legal conflict of interest created by movant's allegations, but nonetheless mailed to movant the instructions and forms necessary to file a motion under 28 U.S.C. § 2255 on February 27, 2014. (ECF No. 325.) Despite such assistance, movant did not promptly file a § 2255 motion. Rather, without explanation, movant waited over three years, until June of 2017, and then filed the instant petition for writ of error coram nobis. Even if movant were granted equitable tolling for any delay in forwarding movant's

////

////

letter to his former defense counsel,[4] absent facts not presented here, movant would not be eligible for tolling for the additional three year delay in bringing the instant petition.

In addition, movant's ignorance of the statute of limitations deadline is insufficient to warrant equitable tolling. See Johnson v. United States, 544 U.S. 295, 311 (2005) ("we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"). Similarly, to the extent movant contends he suffered limited law library access due to extensive lockdowns at the county jails, such claim is insufficient to demonstrate extraordinary circumstances were the "cause of his untimeliness." See Rhodes v. Kramer, 451 F. App'x 697, 698 (9th Cir. 2011) (lockdowns and limited library access did not merit equitable tolling); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (ordinary prison limitations on library access due to confinement in administrative segregation insufficient to show "extraordinary circumstances").

Moreover, given the lengthy delay, movant fails to show he exercised reasonable diligence to justify equitable tolling. "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." Johnson, 544 U.S. at 308. Movant fails to identify any "prompt action" he took in pursuing the instant petition.

Accordingly, it does not appear from the movant's filing that he would be entitled to equitable tolling for his lengthy delay in bringing this action.

### b. Newly Recognized Supreme Court Authority

Movant claims that defense counsel failed to warn movant concerning the collateral consequences of deportation that movant would face once he completed his federal prison term.

---

[4] It is not clear movant would be entitled to equitable tolling for the alleged delay. Although a prisoner who was "affirmatively misled" by a federal or state court's erroneous instructions may be entitled to equitable tolling, a prisoner "must point to *affirmative* inaccuracies in statements made to him by the [court], not merely to his 'misunderstanding of accurate information.'" Marble v. Attorney Gen. for Montana, 601 F. App'x 591 (9th Cir. 2015), cert. denied sub nom. Marble v. Fox, 136 S. Ct. 263 (2015) (internal citations omitted); see also Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013) (order granting extension request affirmatively misled prisoner); United States v. Buckles, 647 F.3d 883, 892 (9th Cir. 2011).

Movant pled guilty in 2008, prior to the Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356 (2010) (holding that it constitutes deficient performance for an attorney not to advise a defendant that his guilty plea makes him subject to automatic deportation). But movant was sentenced in 2012, before the Supreme Court held in 2013 that the decision in Padilla announced a "new rule" under Teague v. Lane, 489 U.S. 288 (1989), and therefore could not be applied retroactively to attorney conduct. Chaidez v. United States, 568 U.S. 342, 347, 357 (2013). "Under Teague, defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Chaidez, 568 U.S. at 358.

Because Padilla created a "newly recognized right," movant was required to file his § 2255 motion within one year of such decision. See Dodd v. United States, 545 U.S. 353, 357 (2005) ("An applicant has one year from the date on which the right he asserts was initially recognized by this Court."). Padilla was decided in March of 2010, and movant did not file the instant petition until May 25, 2017. (ECF No. 358 at 21.) Even assuming the court could use the February 20, 2013 filing date of Chaidez, which it could not because the 2010 holding in Padilla put movant on notice of the attorney's duty, the instant petition was still filed over four years too late.

### c. Discovery of Facts By Due Diligence[5]

Finally, based on the facts raised in the instant petition, the motion is also untimely under § 2255(f)(4). Movant concedes that in 2008 the district judge warned movant that he "may" be deported. (ECF No. 358 at 16.) Although movant argues the warning was insufficient under Padilla, such warning served to put movant on notice of the possibility of his deportation, raising movant's duty of diligent inquiry. United States v. Rodriguez-Trujuillo, 2013 WL 1314247 (D. Idaho, Mar. 28, 2013); see also Clarke v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013) (where defendant's attorney mentioned possible immigration consequences to Clarke before she pleaded guilty, date of plea hearing was date her duty of diligent inquiry arose). Because movant

---

[5] The decisions in Padilla and Chaidez do not constitute a factual predicate within the meaning of 28 U.S.C. § 2255(f)(4). See Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2006), cert. denied, 546 U.S. 1171 (2006) (state supreme court decision did not trigger a new one-year limitations period because the state supreme court's decision is not a "fact.")

was put on notice of the possibility of deportation in 2008, he could have discovered, by exercising due diligence, the immigration consequences of his guilty plea. Indeed, if he had diligently inquired and discovered such consequences, even after Padilla issued in 2010, movant arguably still had time to seek to withdraw his guilty plea on the basis of Padilla, because he was not sentenced until 2012. But movant did not file the instant petition until many years later, in 2017. See Klein v. United States, 880 F.2d 250, 254 (10th Cir. 1989) (seven-year delay during which the petitioner did not exercise due diligence, was not reasonable); see also Hirabayashi v. United States, 828 F.2d 591, 604-05 (9th Cir. 1987) (petitioner must show valid reasons for not attacking the conviction earlier).

Thus, based on the instant petition, a § 2255 motion filed under § 2255(f)(4) would also appear to be untimely.

### d. Conclusion

Therefore, for all of the above reasons, the undersigned declines to recommend that the district court construe the petition for writ of error coram nobis as a motion under 28 U.S.C. § 2255.

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 364) be granted;

2. Movant's petition for writ of error coram nobis (ECF No. 358) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 17-cv-1301 WBS KJN.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 13, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/davi0474.coramnobis