UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DEREK DAVIS,<br><br>Movant. | No. 2: 08-cr-0474 WBS KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

<u>Introduction</u>

Movant is a former federal prisoner. Movant is presently detained at the Etowah County Detention Center pending deportation proceedings. On January 22, 2019, movant filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 387.) On January 28, 2019, the Honorable William B. Shubb denied movant's § 2255 motion filed January 22, 2019, because it contained no brief setting forth the grounds upon which relief may be granted. (ECF No. 388.)

Pending before the court is movant's February 6, 2019 motion to reinstate the § 2255 motion filed January 22, 2019. (ECF No. 389.) The undersigned construes movant's motion for reinstatement as a motion for reconsideration of Judge Shubb's January 28, 2019 order. For the reasons stated herein, the undersigned recommends that movant's motion for reconsideration be denied.

////

1

Legal Standard for Request for Reconsideration

The Ninth Circuit has held that motions for reconsideration of a § 2255 motion may be brought either under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. United States v. Martin, 226 F.3d, 1042, 1047 n. 7 (9th Cir. 2000). Relying on a Second Circuit case, United States v. Clark, 984 F.2d 31, 34 (2d Cir. 1993), the Ninth Circuit suggested that Rule 59(e) would only be applicable when motions for reconsideration were made within ten days from the filing of the decision and order in the § 2255 motion. Id. at 1048 n. 8.

Movant filed his motion for reconsideration within ten days from the filing of the order denying his § 2255 motion. Accordingly, the undersigned applies the standard contained in Rule 59(e) in considering the pending motion for reconsideration.

A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. See McDowell, 197 F.3d at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Id.

////
////
////
////

Discussion

It appears that movant has attached briefing in support of the § 2255 motion denied by Judge Shubb on January 28, 2019 to the pending motion for reconsideration. Movant appears to argue that his previously denied § 2255 motion should be reinstated now that he has submitted his briefing.

Judge Shubb correctly denied movant's § 2255 motion filed January 22, 2019 because it contained no briefing. Accordingly, movant's motion for reconsideration of Judge Shubb's January 28, 2019 order should be denied.

The undersigned construes movant's motion for reconsideration to contain a § 2255 motion as it contains the briefing missing from the § 2255 motion filed January 22, 2019. For the reasons stated herein, this motion is dismissed with leave to amend.

The grounds of movant's § 2255 motion are not clear.[1] For this reason, the motion is dismissed with leave to amend. See Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings (when a court receives a § 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief); Blackledge v. Allison, 431 U.S. 63, 75-76 (1977) (summary dismissal is appropriate where the allegations are vague or conclusory or palpably incredible). If movant files an amended § 2255 motion, he shall clearly identify each claim for relief and the legal proceeding challenged.

In addition, in the § 2255 motion, movant cites Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens claim is an implied right of action for damages against a government official alleged to have violated an individual's constitutional rights. Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017). If movant wishes to make a claim for damages pursuant to Bivens, he must file a separate civil rights action. A Bivens claim is not properly raised in movant's criminal case.

Finally, movant's § 2255 motion is 96 pages long. (See ECF No. 389.) Movant's motion includes extensive legal briefing. After reviewing the motion, the undersigned finds that it does

---

[1] Movant appears to challenge both his criminal conviction and immigration proceedings.

3

not comply with Federal Rule of Civil Procedure 8(a)(2), which requires pleadings to contain a short and plain statement of the grounds for relief. See Rule 12, Federal Rules Governing Section 2255 Proceedings (the Federal Rules of Civil Procedure may be applied to a § 2255 motion to the extent they are not inconsistent with any statutory provisions or these rules). It is clear that movant can state his claims in a much shorter § 2255 motion. Accordingly, movant's § 2255 motion is dismissed with leave to amend for failing to comply with Rule 8(a)(2). <u>*An amended § 2255 motion may be no longer then 20 pages*</u>. Movant is not required to include extensive legal briefing in the amended § 2255 motion.

<u>Conclusion</u>

For the reasons discussed above, movant's motion for reconsideration of Judge Shubb's January 28, 2019 order denying his § 2255 motion should be denied. The undersigned construes movant's motion for reconsideration to contain a § 2255 motion. For the reasons discussed above, movant's § 2255 motion is dismissed with thirty days to file an amended § 2255 motion. As discussed above, the amended § 2255 motion may be no longer than 20 pages, must contain a short and plain statement of the claims for relief, shall not include extensive legal briefing and shall not include claims for damages pursuant to <u>Bivens.</u>

Movant has also filed an emergency motion for stay of removal. The undersigned will address this motion following receipt of the amended § 2255 motion.

Accordingly, IT IS HEREBY ORDERED that movant's § 2255 motion, contained in his motion for reconsideration (ECF No. 389) is dismissed with thirty days to file an amended § 2255 motion;

IT IS HEREBY RECOMMENDED that movant's motion for reconsideration of the January 28, 2019 order denying his § 2255 motion filed January 22, 2019 (ECF No. 389) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, movant may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations."  Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 29, 2019

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dav474.den