UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DEREK DAVIS,<br><br>Movant. | No. 2:08-cr-0474 WBS KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Movant is a former federal prisoner, proceeding without counsel, with an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as well as a motion for stay of removal. (ECF Nos. 414, 394.) Respondent's unopposed motion to dismiss is presently before the court. As explained below, the undersigned recommends that the motion to dismiss be granted, and the motion for stay of removal be denied.

II. Factual and Procedural Background

On October 9, 2008, movant was indicted on fourteen counts of mail fraud related to a mortgage fraud scheme, two counts of making false statements in loan applications, one count of money laundering, and one count of attempting to cause a financial institution to file a currency transaction report. (ECF No. 11.)

////

On December 19, 2008, movant pleaded guilty to one count of mail fraud and one count of attempting to cause a financial institution to fail to file a currency transaction report. (ECF No. 29.) In the plea agreement, movant agreed to the following waivers:

> **Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case. . . . The defendant also gives up any right he may have to bring a post-appeal attack on his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

(ECF No. 29 at 12-13.) The plea agreement contains no warning concerning potential immigration consequences.

On December 18, 2008, during the plea colloquy at movant's change of plea hearing, the district judge confirmed that movant understood he was waiving his rights to appeal or to collaterally attack the conviction and sentence, and that movant did so knowingly and voluntarily. (ECF No. 174 at 17.) In addition, the court specifically addressed movant's citizenship status:

> THE COURT: You're not a citizen of the United States?
>
> [MOVANT]: No, I'm not, Your Honor.
>
> THE COURT: Do you understand that your pleas of guilty may result in your deportation, denial of naturalization, or exclusion from the United States?
>
> [MOVANT]: Yes, Your Honor, I do.

(ECF No. 174 at 15.)

On November 30, 2012, movant was sentenced to a 70-month term of imprisonment, followed by a 60-month term of supervised release, and judgment was entered. (ECF No. 274, 278.) On January 29, 2013, following a separate restitution hearing, an amended judgment was entered. (ECF No. 294.)

Movant did not file an appeal.

Movant was released from federal custody on July 7, 2014. (ECF No. 346-6 at 2.) According to the Probation Office, movant was on probation's inactive alien caseload since July 7, 2014, because movant was in the custody of ICE. (ECF No. 364-07 at 2.)

Movant was detained at the Etowah County Detention Center pending deportation proceedings. (ECF No. 362 at 1, 7.) On June 19, 2017, movant filed a petition for writ of error coram nobis.[1] (ECF No. 358.) At that time, movant's appeal from the Board of Immigration Appeals in case No. 17-71226 was pending in the Court of Appeals for the Ninth Circuit.[2] (ECF No. 364-8 at 2.) On August 14, 2017, the Ninth Circuit panel granted the government's motion for summary disposition, and stated that the temporary stay of removal will terminate upon issuance of the mandate. Id. (ECF No. 9.) On December 21, 2017, the district court denied the petition for writ of error coram nobis.[3] (ECF No. 380.)

Movant filed an appeal, and the Ninth Circuit affirmed the district court's dismissal of the petition for writ of error coram nobis. United States v. Davis, No. 18-15131 (9th Cir. Dec. 27, 2018). (ECF No. 385.) The Ninth Circuit was not persuaded to reverse the district court's order declining to construe the petition as a § 2255 motion. Id.

On February 6, 2019, movant filed a document the district court construed as a § 2255 motion, and granted movant thirty days to file an amended motion because the grounds for relief were unclear. (ECF Nos. 389, 396.)

---

[1] In his petition for writ of error coram nobis, movant also conceded that during the December 19, 2008 change of plea hearing, the district judge told movant: "you realize that you may be deported." (ECF No. 358 at 16.)

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).

[3] In denying the coram nobis petition, the court found that movant was still in custody because he was on supervised release, and thus did not qualify for coram nobis relief. (ECF No. 370 at 4.) In addition, the court declined to construe the petition as a § 2255 motion because it would be untimely. (Id. at 5, 9.) First, because movant's conviction became final on February 12, 2013, and the petition was filed more than a year later, the filing would be untimely under § 2255(f)(1). Second, § 2255(f)(2) was not applicable. Third, under § 2255(f)(3), movant failed to file within one year of Padilla v. Kentucky, 559 U.S. 356 (2010), so his claim that his attorney did not warn about deportation consequences would also be untimely. Fourth, any motion under § 2255(f)(4) was also untimely because movant was on notice of the possibility of deportation at the time he pled guilty in 2008. (ECF No. 370 at 5-9.) Finally, the court found movant had alleged no facts demonstrating extraordinary circumstances such that he would be entitled to equitable tolling. (ECF No. 370 at 6-7.)

On March 18, 2019, movant filed a motion for stay of removal.[4]  (ECF No. 394.)

After movant filed a number of additional documents, including various § 2255 motions, on June 20, 2019, movant was ordered to file one all encompassing amended § 2255 motion, or the court would proceed on the April 29, 2019 motion.  (ECF No. 407.)

On July 6, 2019, movant's term of supervised release expired.  (ECF No. 423 at 6.)

On July 22, 2019, movant filed an amended § 2255 motion.[5]  (ECF No. 414.)  On April 9, 2020, respondent filed a motion to dismiss.  (ECF No. 423.)  Movant did not file an opposition.

On September 17, 2019, movant was deported to the United Kingdom.  (ECF No. 423 at 6.)  Two court orders addressed to movant at his address of record have been returned as undeliverable.  (ECF Nos. 420 (January 31, 2020), 422 (February 18, 2020).)  Since his deportation, movant has not filed a change of address as required under Local Rule 183.

III.  Movant Satisfies Custody Requirement

Movant initially filed his § 2255 motion on February 6, 2019.  Because his term of supervised release had not yet expired, movant satisfied the federal custody requirement for bringing a § 2255 motion.  See Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002 (holding supervised release is custody); Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that custody status determined at the time habeas petition is filed).

IV.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for filing a motion pursuant to 28 U.S.C. § 2255.  Section 2255(f) provides

---

[4] Movant filed the same motion for stay of removal in Davis v. DHS, No. 2:18-cv-3218 TLN DB P (E.D. Cal.), in which movant was proceeding with a petition for writ of habeas corpus under 28 U.S.C § 2241. On May 28, 2019, the magistrate judge recommended that the motion for stay of removal be summarily dismissed for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(5). DHS, No. 18-cv-3218 (ECF No. 9). On August 14, 2019, the district court adopted the findings and summarily dismissed the motion for stay of removal. Id. (ECF No. 13).

[5] Movant also filed an amended § 2255 motion on July 17, 2019, followed by the filing of the July 22, 2019 amended § 2255 motion, two addendums and a letter. (ECF Nos. 411, 412, 413, 414 & 415.) However, in light of the court's June 20, 2019 order, the court considers only movant's July 22, 2019 amended § 2255 motion. (ECF No. 414.) The remaining filings are disregarded.

that the one-year limitations period runs from the latest of the dates determined by applying §§ 2255(f)(1) through (f)(4).  These dates include "the date on which the judgment of conviction becomes final," "the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action," "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(1)-(4).

### 1. Final Judgment:  28 U.S.C. § 2255(f)(1)

If no direct appeal is taken to the Ninth Circuit, a defendant's conviction becomes final when the time for filing a direct appeal expires.  United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015).  Because movant's direct appeal was due on February 12, 2013, any § 2255 motion was due on or before Wednesday, February 12, 2014.  More than one year has passed from the date movant's conviction became final; thus, the amended § 2255 motion brought under 28 U.S.C. § 2255(f)(1) is untimely and barred by the statute of limitations.

### 2. Government Impediment:  28 U.S.C. § 2255(f)(2)

Movant claims that transcripts and other court documents were "intentionally withheld" from him until four years after his sentencing, and he did not have access to them until late 2016.  (ECF No. 414 at 4, 20.)  The undersigned agrees with respondent that movant's allegation is conclusory because it fails to identify any government involvement, and should be denied on that basis.  See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989) (vague and conclusory allegations in a § 2255 motion do not support relief); Neighbors v. United States, 457 F.2d 795 (9th Cir. 1972) (§ 2255 motion properly denied where allegations regarding denial of effective assistance of counsel were entirely conclusory and without support in the record).  But even assuming it was a government impediment that existed until late 2016, movant was required to file his § 2255 by late 2017, which he did not do.  Thus, the § 2255 motion is also untimely under § 2255(f)(2).

////

3.  Newly Recognized Supreme Court Authority:  28 U.S.C. § 2255(f)(3)

In order for the instant motion to be timely under § 2255(f)(3), movant was required to file his § 2255 motion within one year of the Supreme Court decision recognizing the new right.  See Dodd v. United States, 545 U.S. 353, 357 (2005) ("An applicant has one year from the date on which the right he asserts was initially recognized by this Court.").  Here, movant does not argue that a particular Supreme Court decision should trigger application of § 2255(f)(3).  As argued by respondent, any appropriate case would have had to be decided after February 6, 2018, one year prior to the filing of the § 2255 motion.  Movant cites no Supreme Court case that was decided after 2010.  (ECF No. 414, *passim*.)

In his amended motion, movant renews his claim that he would not have pleaded guilty had defense counsel "correctly advised" movant concerning the collateral consequences of deportation that movant would face once he completed his federal prison term, and discusses Padilla v. Kentucky, 559 U.S. 356 (2010) (holding that it constitutes deficient performance for an attorney not to advise a defendant that his guilty plea makes him subject to automatic deportation).  (ECF No. 414 at 18.)  Movant pled guilty in 2008, prior to the Supreme Court's decision in Padilla.  However, movant was sentenced in 2012, before the Supreme Court held in 2013 that the decision in Padilla announced a "new rule" under Teague v. Lane, 489 U.S. 288 (1989), and therefore could not be applied retroactively to attorney conduct.  Chaidez v. United States, 568 U.S. 342, 347, 357 (2013).  "Under Teague, defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding."  Chaidez, 568 U.S. at 358.

Because Padilla created a "newly recognized right," movant was required to file his § 2255 motion within one year of such decision.  See Dodd, 545 U.S. at 357.  Padilla was decided in March of 2010, and movant did not file his § 2255 motion until 2019, long after the limitations period expired.

4.  Discovery of Facts By Due Diligence:  28 U.S.C. § 2255(f)(4)

Based on the facts raised in the instant motion, the motion is also untimely under § 2255(f)(4).  Movant identifies no relevant facts discovered one year prior to filing his § 2255 motion.  Indeed, most of the facts alleged were also raised in his coram nobis petition.  As argued

6

by respondent, such facts demonstrate that movant was aware of the facts supporting the claims contained in the coram nobis petition at least by June 19, 2017, rendering his amended § 2255 motion untimely under § 2255(f)(4).

The one new claim included in the § 2255 motion is movant's claim that he pled guilty to an offense he didn't commit "under 'qualified' exceptional circumstances," and refers to information from co-defendant Badie's trial transcripts.  (ECF No. 414 at 19-20.)  However, movant's new claim is vague and conclusory.  Moreover, as argued by respondent, defense counsel reviewed the Badie trial transcripts prior to movant's sentencing in 2012.  (ECF No. 253.)  In any event, movant concedes he possessed such documents since late 2016, yet did not file the § 2255 motion until 2019.  Therefore, to the extent such transcripts provided movant with newly-discovered facts, such claim is also time-barred.

Thus, the amended § 2255 motion is also untimely under § 2255(f)(4).

5. Equitable Tolling

Equitable tolling principles apply to petitions under 28 U.S.C. § 2255 in a manner similar to those filed by state prisoners under 28 U.S.C. § 2254.  United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004) ("The two sections have the same operative language and the same purpose.  We fail to see any reason to distinguish between them in this respect.").  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland v. Florida, 560 U.S. 631, 649 (2010).  However, "equitable tolling is 'unavailable in most cases.'"  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)); see also Holland, 560 U.S. at 652 ("[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied [.]")  The petitioner seeking equitable tolling "bears the burden of showing that this extraordinary exclusion should apply to him."  Miranda, 292 F.3d at 1065.

Here, movant does not address the timeliness of his motion or equitable tolling.  Even if the court construed movant's claim that he was deprived of certain documents until late 2016 as a basis for a request to apply equitable tolling, movant does not describe what efforts he took to

7

obtain such documents, or explain why he waited so long to file his § 2255 motion after he received such documents. Given the lengthy delay, movant fails to show he exercised reasonable diligence to justify equitable tolling. "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." Johnson, 544 U.S. at 308. Movant fails to identify any "prompt action" he took in pursuing the filing of his § 2255 motion.

Accordingly, movant has not met his burden demonstrating he is entitled to equitable tolling for his lengthy delay in bringing this § 2255 motion.

### 6. Actual Innocence

To the extent movant attempts to avoid the statute of limitations bar by claiming actual innocence, such claim is also unavailing. In Schlup v. Delo, 513 U.S. 298 (1995), the United States Supreme Court held that a federal habeas petitioner "can overcome a procedural default, including a failure to comply with the statute of limitations, by demonstrating actual innocence of the crime underlying his conviction." Vosgien v. Persson, 742 F.3d 1131, 1134 (9th Cir. 2014) (citing Schlup, 513 U.S. at 313-15.) See also McQuiggin v. Perkins, 569 U.S. 383, 399 (2013) (a plea of actual innocence can overcome the one-year statute of limitations for filing a federal habeas petition under the AEDPA). A claim of actual innocence under Schlup is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup, 513 U.S. at 315 (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993). See also Stewart v Cate, 757 F.3d 929, 937 (9th Cir. May 1, 2014) (same).[6]

Here, movant claims that evidence at the trial of his co-defendant Badie demonstrated there was no scheme to defraud mortgage lenders. (ECF No. 414 at 19.) Yet, a jury convicted Badie on all fourteen counts of mail fraud, including the same mail fraud charge to which movant

---

[6] The applicable test is whether "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup 513 U.S. at 321. Accord Murray v. Carrier, 477 U.S. 478, 496 (1986). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup 513 U.S. at 327. See also Coley v. Gonzalez, 55 F.3d 1385, 1387 (9th Cir. 1995).

pleaded guilty. (ECF Nos. 29 at 2; 219.) Movant offers no additional facts or evidence to show how such "new evidence" would demonstrate movant's innocence, and the jury's conviction of co-defendant Badie would suggest otherwise. Thus, movant fails to allege sufficient facts to pass through the Schlup gateway.

### 7. Conclusion

Therefore, for all of the above reasons, the undersigned recommends that the amended § 2255 be dismissed as barred by the statute of limitations.

## V. Motion for Stay of Removal

The instant motion for stay of removal is identical to the motion for stay of removal filed in movant's § 2241 petition. DHS, No. 2:18-cv-3218 TLN DB P (ECF No. 6). As Judge Barnes recommended, and Judge Nunley adopted, this court lacks jurisdiction to consider the motion for stay:

> The judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals. See 8 U.S.C. § 1252(a)(5). The REAL ID Act eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeal. Puri v. Gonzales, 464 F.3d 1036, 1041 (9th Cir. 2006). District courts no longer have jurisdiction to review such orders. Iasu v. Smith, 511 F.3d 881, 886-87) (9th Cir. 2007). Thus, the exclusive means of asserting a challenge to an order of removal is to file a petition for review with an appropriate court of appeal. Momeni v. Chertoff, 521 F.3d 1094, 1095-96 (9th Cir. 2008). "A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act." Beskurt v. Dept. of Homeland Sec., No. C11-1169 MJP, 2011 WL 5877768, at *3 (W.D. Wash. Oct. 7, 2011) (quoting Mancho v. Chertoff, 480 F.Supp.2d 160, 162 (D.D.C. 2007)) (citations omitted).
>
> . . . .
>
> Given that a district court may not review removal orders because such review is restricted to courts of appeal (see 8 U.S.C. § 1252(a)(5)), it shall be recommended that petitioner's motion for a stay of removal also be summarily dismissed for lack of jurisdiction.

DHS, No. 2:18-cv-3218 TLN DB P (ECF No. 9 at 5-6, 7; adopted ECF No. 13).[7] Because this

---

[7] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to

court lacks jurisdiction, the undersigned recommends that the motion for stay of removal be summarily dismissed.

VI.  Alternative Grounds

Respondent also argues that the amended § 2255 motion as well as the motion for stay of removal should be dismissed based on movant's failure to keep the court apprised of his current address.  L.R. 183.  However, because the undersigned recommends granting respondent's motion to dismiss, the undersigned declines to recommend dismissal on such alternative grounds.

VII.  Conclusion

Accordingly, IT IS HEREBY ORDERED that the amended § 2255 motion (ECF No. 411) is disregarded.

Further, IT IS RECOMMENDED that:

1.  The motion for stay of removal (ECF No. 394) be dismissed for lack of jurisdiction;

2.  Respondent's motion to dismiss (ECF No. 423) be granted;

3.  The amended § 2255 motion (ECF No. 414) be dismissed as barred by the statute of limitations; and

4.  The Clerk of the Court be directed to close the companion civil case No. 19-cv-0142 WBS KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after

---

matters at issue") (internal quotation omitted).

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 7, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/davi0474.257